IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VINCENT M. GEORGE, JR. (#2013-0708145), )
                                                          )
              Plaintiff,         )
                                                          )
          v.                                )         Case No. 14 C 8793
                                                          )
**THOMAS J. DART**, et al.,         )
                                                          )
              Defendants.      )

## MEMORANDUM ORDER

This 42 U.S.C. § 1983 ("Section 1983") action -- which was originally brought pro se by prisoner plaintiff Vincent George, Jr. ("George"), but in which this Court promptly (in accordance with its standard policy where such a claim is facially plausible) designated a member of the District Court trial bar to take over -- came to what this Court was informed was a happy conclusion: On September 29, 2015 attorney Evan Smola ("Smola")[1] advised this Court (1) that George had finally received the surgery whose delay had caused George to file this lawsuit and (2) that the entry of a dismissal order that day "is fine with the plaintiff." This Court took Smola at his word and orally entered an order of dismissal -- but without prejudice because Smola said:

> the only thing that I would be concerned with is if Mr. George has some medical
> issue going forward, that whatever this dismissal -- however it reads, doesn't
> prejudice him from filing a case.[2]

---

[1] Smola was not the trial bar member that had been enlisted to represent George -- that lawyer was Christopher Hurley ("Hurley"). Smola is an associate in the law firm headed by Hurley.

[2] Notably Smola gave no indication that George wanted to pursue this case for further relief by way of damages.

Approximately six months later (!) this Court received what its promptly-issued April 4, 2016 memorandum referred to as:

> a puzzling letter from prisoner plaintiff Vincent George, Jr. ("George"), dated March 24 and received in the Clerk's Office on March 30, in which George complains about an asserted lack of communication from counsel that had been designated to represent him in this action that George had originated pro se.

As the memorandum then went on to say:

> George's letter mistakenly characterizes his action as having been dismissed <u>with</u> prejudice when that is exactly the opposite of what this Court had ordered based on his designated counsel's oral representation.

And the April 4 memorandum concluded by apprising George of his right to pursue a new Section 1983 action if he thought he had such a claim.

George has once again responded by letter, complaining not only of Smola having told him that his case had been dismissed <u>with</u> prejudice rather than <u>without</u> prejudice but also that Smola had otherwise been pretty much totally inattentive to the responsibilities incumbent on a designated counsel. Clearly something needs to be done. This Court orders both Hurley and Smola to appear in its courtroom at 9 a.m. on May 23, 2016 to discuss what further proceedings may be appropriate on George's behalf. Although it is unnecessary for George himself to be involved in that discussion in the first instance, it would be appreciated if counsel can conveniently arrange for his telephonic participation.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: May 12, 2016